**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHENGKUN WEI,

      Petitioner,

v.                                           No. 26-cv-1474 KWR-KRS

WARDEN, *et al*,

      Respondents,

**ORDER DIRECTING AMENDMENT**

This matter comes before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition).  Petitioner is an immigration detainee and is proceeding *pro se*. The Petition states Petitioner was arrested without a warrant; filed an asylum petition with immigration officials; and has mental health issues.  On this record, the Court cannot adequately review or discern the scope of Petitioner's claims for purposes of Habeas Corpus Rules 1 and 4. There are insufficient details to evaluate whether Petitioner is properly detained under 8 U.S.C. § 1225; 8 U.S.C. § 1226, or some other statute.

Petitioner shall file an amended petition within twenty-one (21) days of entry of this Order. The § 2241 amendment should specify: (1) when Petitioner entered the United States; (2) what process (bond hearings, removal hearings, etc.) Petitioner has received so far and the reason for any denial of bond; (3) whether/when the immigration court entered a removal order; and (4) the status of any immigration appeals.  Petitioner may find it helpful to include any orders from the immigration court, but documentary evidence is not required at this stage.  By the same date, Petitioner must pay the $5.00 habeas filing fee or file a motion to proceed *in forma pauperis*.  The

failure to timely comply with this Order may result in dismissal of this case without prejudice. All documents filed in this case must include the case number, No. 26-cv-1474-KWR-KRS.

Petitioner is reminded that this Court cannot allow noncitizens to permanently remain in the United States or make any determination as to immigration status.  Pursuant to 8 U.S.C. § 1252, known as the "zipper clause," Federal District Courts lack jurisdiction over claims challenging removal orders.  *See Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018).  This includes "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar. *Id.* at 317.

**IT IS ORDERED** that within twenty-one (21) days of entry of Order, Petitioner shall: (1) file an amended § 2241 petition, as set forth above; and (2) pay the $5.00 habeas filing fee or file a motion to proceed *in forma pauperis.*

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

2