**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHENGKUN WEI,

     Petitioner,

v.                                No. 26-cv-1474 KWR-KRS

WARDEN, *et al*,

     Respondents,

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court following Petitioner's failure to amend his 28 U.S.C. § 2241 claims in accordance with the Court's prior instructions. Petitioner is an immigration detainee and is proceeding *pro se*. The opening Petition (Doc. 1) states Petitioner was arrested without a warrant; filed an asylum petition with immigration officials; and has mental health issues. By an Order entered June 5, 2026, the Court explained that such information is insufficient to adequately review Petitioner's claims for purposes of Habeas Corpus Rules 1 and 4. *See* Doc. 3. Specifically, there are insufficient details to evaluate whether Petitioner is detained under 8 U.S.C. § 1226, 8 U.S.C. § 1231, or some other statute.

The Court directed Petitioner to file an amended petition that provides more details about why his detention is illegal. The Order includes instructions on what information to provide in the amendment. Petitioner was directed to specify: (1) when Petitioner entered the United States; (2) what process (bond hearings, removal hearings, etc.) Petitioner has received so far and the reason for any denial of bond; (3) whether/when the immigration court entered a removal order; and (4) the status of any immigration appeals. *See* Doc. 3. The Order warns that the failure to timely

comply may result in dismissal without further notice.

Petitioner did not comply with the prior Order.  He filed two amended pleadings (Docs. 4, 5), which do not appear to raise discernable grounds for relief under 28 U.S.C. § 2241.  The first amendment includes a narrative history about why Petitioner left China; when he entered the United States; when he was arrested; and the symptoms he experienced in detention.  *See* Doc. 4 at 1.  Petitioner alleges his symptoms will become worse if he returns to China and attaches medical records.  *Id.* at 1-77.  The second amendment raises two grounds for relief.  *See* Doc. 5 at 6.  In Ground 1, Petitioner alleges he is lawfully in the United States based on his pending asylum application.  *Id.*  Ground 2 states Petitioner has mental issues and needs proper treatment.  *Id.*  Elsewhere in the pleading, Petitioner states he was arrested without a warrant but fails to give more details.  *Id.* at 1.

Accepting these allegations as true, the amended pleadings still fail to demonstrate why Petitioner's detention violates the Constitution or federal law.  The pleadings also fail to show he is entitled to the requested relief (*i.e.,* an immediate release from custody).  It appears Petitioner primarily seeks to remain in the United States.   However, this Court cannot allow noncitizens to permanently remain in the United States or make any determination as to immigration status.  Pursuant to 8 U.S.C. § 1252, known as the "zipper clause," Federal District Courts lack jurisdiction over claims challenging removal orders.  *See Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018).  This includes "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar.  *Id.* at 317.  To the extent Petitioner wishes to challenge his conditions of confinement or inadequate medical care, he must file a civil rights complaint.

Because Petitioner failed to amend and clarify his claims in accordance with the prior instructions, the Court will dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(b) for "failure to comply with … orders." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). The Court will also deny Petitioner's pending Motion to Proceed *In Forma Pauperis* (Doc. 6), which is now moot. Petitioner may file a new § 2241 petition if he still seeks relief, as the Court has not reached the merits of any claims. Petitioner may also file a civil rights complaint, if he wishes to challenge his conditions of confinement.

**IT IS ORDERED** that Petitioner's Amended Habeas Petitions Under 28 U.S.C. § 2241 (**Doc. 4, 5**) are **DISMISSED without prejudice**; his Motion to Proceed *In Forma Pauperis* (**Doc. 6**) is **DENIED as moot**; and the Court will enter a separate judgment closing the civil habeas case.

**SO ORDERED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

3